

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-09-247-CR**
**NO. 2-09-248-CR**
**NO. 2-09-249-CR**
**NO. 2-09-250-CR**

ALISIA CONSUELO PADILLA                                         APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Upon her open pleas of guilty to two charges of intoxication manslaughter and two charges of intoxication assault, each charged in a separate indictment, the trial court found Appellant Alisia Consuelo Padilla guilty of those offenses and assessed her punishment at sixteen years' confinement for each intoxication manslaughter, with the sentences to be served consecutively, and ten years' confinement for each

---

[1] *See* Tex. R. App. P. 47.4.

intoxication assault, with the sentences to be served concurrently. In her sole point, Appellant contends that the trial court erred by sentencing her to a total of thirty-two years' incarceration because the sentences were grossly disproportionate when considered in light of other sentences from the Second District of Texas for the same offenses and in light of the facts and circumstances which constituted the offenses. Because we hold that the trial court did not abuse its discretion in assessing these sentences, we affirm the trial court's judgments.

On February 29, 2008, Appellant attended her niece's birthday party at the American Legion Hall in South Fort Worth. Appellant and her husband, Louis Reyes, left the party around midnight. They were both so intoxicated that they had to be helped to their pickup. Reyes was so intoxicated that he could not drive, so Appellant, who was also quite intoxicated, decided to drive. As she was driving out of the parking lot, Appellant struck another vehicle, but its owner assured the couple that no damage had been done to his vehicle.

Appellant continued onto the roadway. She ran a red light at a high rate of speed, hitting another car driven by Cynthia Revilla. Revilla's friend Danielle Hooten and Hooten's son A.H. were also in the car. Revilla and Hooten were fatally injured in the accident. The impact caused A.H., still in his car seat, to be thrown from Revilla's car. He was initially unconscious after the wreck but was crying before he was taken to the hospital.

In the same incident, Appellant also struck a vehicle being driven by Thomas Vasquez. Vasquez and his son, who was also in the car, were injured, although not seriously. Appellant and Reyes were also injured.

Appellant admitted to police officers at the scene that she had been drinking that night, and one officer testified at trial that he smelled an odor of alcohol coming from inside Appellant's truck. Appellant was taken to the hospital where an officer performed the horizontal gaze nystagmus test and observed six clues of intoxication. A blood test showed Appellant's alcohol concentration level to be 0.24. Appellant was indicted for intoxication manslaughter for the deaths of Revilla and Hooten and intoxication assault for the injuries suffered by Reyes and A.H.

This court has previously explained our approach to issues complaining of grossly disproportionate sentences:

> Much confusion exists concerning whether the Eighth Amendment contains a proportionality guarantee prohibiting sentences that are grossly disproportionate to the offense. In 1983, in *Solem v. Helm*, the United States Supreme Court affirmatively held that the Eighth Amendment prohibited "disproportionate" prison sentences. In *Solem*, the Supreme Court . . . identified three criteria to be used to evaluate the proportionality of a particular sentence. They are "the gravity of the offense and the harshness of the penalty; . . . the sentences imposed on other criminals in the same jurisdiction; and . . . the sentences imposed for commission of the same crime in other jurisdictions."
>
> In 1991, in *Harmelin*, the Supreme Court called into question the continued viability of *Solem*. . . . Justice Scalia, joined by Chief Justice Rehnquist, addressed the appellant's proportionality argument by holding that *Solem* was "simply wrong" and argued that the Eighth Amendment contains no proportionality guarantee in the non-death-penalty context. Justice[] Kennedy, joined by Justices

3

O'Connor and Souter, concurred and reasoned that indeed the Eighth Amendment did encompass "a narrow proportionality principle" that "applies to noncapital sentences."

Left to decipher whether, in the wake of *Harmelin*, the Eighth Amendment did or did not prohibit disproportionate sentences in a non-death-penalty context, the Fifth Circuit concluded [in *McGruder v. Puckett*] that "disproportionality survives; *Solem* does not." The Fifth Circuit applied a modified *Solem* test adopted by Justice Kennedy in *Harmelin*. That is, the court initially made a threshold comparison of the gravity of the offense against the severity of the sentence. Only upon a determination that the sentence is grossly disproportionate to the offense would the court consider the remaining *Solem* factors.

The majority of the Texas appellate courts have followed and applied the Fifth Circuit's *McGruder* analysis in addressing Eighth Amendment proportionality complaints. We also adopt the *McGruder* proportionality analysis.

We first make a threshold comparison of the gravity of the offense against the severity of the sentence. We are to judge the gravity of the offense in light of the harm caused or threatened to the victim or society, and the culpability of the offender.[2]

Although she was aware that she was intoxicated and, indeed, was unable to get out of the parking lot without striking another vehicle, Appellant nevertheless drove out of the parking lot and caused the deaths of Hooten and Revilla. Appellant pled guilty and was convicted of intoxication manslaughter in each of those two deaths. Intoxication manslaughter is a second degree felony with a range of confinement of two years to twenty years.[3]

---

[2] *Moore v. State*, 54 S.W.3d 529, 541–42 (Tex. App.—Fort Worth 2001, pet. ref'd) (citations omitted).

[3] Tex. Penal Code Ann. §§ 12.33(a), 49.08(b) (Vernon Supp. 2009).

In addition to the two intoxication manslaughter offenses, Appellant also caused serious bodily injury to her husband and A.H. as the result of her driving while intoxicated. Intoxication assault is a third degree felony with a range of confinement of two years to ten years.[4]

As the *Harmelin* court instructs us, the length of a criminal sentence is "purely a matter of legislative prerogative."[5] All four sentences imposed were within the ranges of punishment established by the legislature.[6] Although under ordinary circumstances, when a defendant has been convicted of multiple offenses that have been properly joined and prosecuted in a single trial, the sentences must run concurrently,[7] the Texas Legislature amended section 3.03 of the penal code to permit the trial court to order sentences to be served consecutively when

> the accused is found guilty of more than one offense arising out of the same criminal episode . . . if each sentence is for a conviction of . . . an offense . . . under section 49.07 or 49.08, regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of both sections.[8]

That is, although the trial court is not required to order the sentences be served consecutively, the trial court has the authority, within its sound discretion, to

[4] *Id.* §§ 12.34(a), 49.07(c).

[5] *Harmelin v. Michigan*, 501 U.S. 957, 962, 111 S. Ct. 2680, 2684 (1991).

[6] *See* Tex. Penal Code Ann. §§ 12.33(a), 12.34(a), 49.07(c), 49.08(b).

[7] *Id.* § 3.03(a).

[8] *Id.* § 3.03(b)(1).

order consecutive sentences. As the State points out, to hold that the trial court erred in stacking the sentences, this court would be required to hold that the trial court abused the discretion granted to it by the legislature in amending section 3.03.[9]

The record reflects that Appellant wanted to celebrate with her husband and niece but was irresponsible and drank excessively. Appellant began drinking even before she arrived at the party, stopping with her husband at a bar for a drink. When they decided to leave the party, Appellant and her husband were both so thoroughly intoxicated that they had to be helped to their truck. Nevertheless, Appellant decided to drive home from the party. Her husband was obviously too intoxicated to drive. While leaving the parking lot, Appellant fishtailed and ran into a parked truck. The owner said the truck was fine, so Appellant continued on her way. Not only should it have been clear to Appellant that she was too intoxicated to operate a motor vehicle, it should have been equally apparent to the people who had to help her and her husband to their truck and to the person whose truck she struck. Nevertheless, the record does not reflect that Appellant reconsidered her decision to drive or that anyone attempted to stop her from driving.

The record also reveals that Appellant was driving approximately eighty miles per hour on the frontage road of I-35 near Seminary Drive when she ran the red light at the intersection of South Freeway (the northbound service road of I-35) and Seminary Drive. It was when she ran this red light and crashed her truck into

---

[9] *See id.* § 3.03.

6

Revilla's car, which was crossing the intersection on a green light, that Appellant caused the deaths of Revilla and Hooten. The force of the impact caused A.H. and the car seat he was in to be thrown from the car. Appellant also hit the Vasquezes' car in this intersection. Like Revilla, Vasquez was also driving through the intersection on a green light. Vasquez's son was a passenger in the car. The Vasquezes were slightly injured in the collision.

In light of the harm Appellant caused—killing two people, seriously injuring two people, including a small child, and slightly injuring two others, and her behavior before, during, and after the party, including her decision to drive out of the parking lot even after hitting a parked vehicle, we hold that her sentences, a total of thirty-two years' confinement, are not so grossly disproportionate that they violate the Eighth Amendment individually or collectively. We therefore hold that the trial court did not abuse its discretion in sentencing Appellant or in stacking the intoxication manslaughter sentences.

We overrule Appellant's sole point and affirm the trial court's judgments.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

7

DELIVERED:  June 24, 2010